# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

**MARK ALLEN SHANNON,**

        **Plaintiff,**

**v.**                                                    **Case N0. 3:16-cv-02048**

**BEREA PORTER;**
**CHERYL STEPHENS,**

        **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

On March 3, 2016, Plaintiff Mark Allen Shannon ("Plaintiff"), proceeding *pro se* and then incarcerated at the Western Regional Jail in Barboursville, West Virginia,[1] filed the instant Complaint pursuant to 42 U.S.C. § 1983 against Berea Porter and Cheryl Stephens, health care providers at the Western Regional Jail ("Defendants"). Plaintiff alleges that the Defendants refuse to arrange for him to see a physician for an examination of his vision and likewise have failed to provide him with eyeglasses to correct his vision, because he does not have funds to pay for these services. (ECF No. 2). Plaintiff also claims to suffer from severe headaches related to his extremely poor visual acuity. For relief, Plaintiff asks the Court to order the Defendants to take him to an ophthalmologist for an examination. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by

---

[1] According to information available on the West Virginia Division of Corrections' inmate locator, Plaintiff was transferred to the St. Mary's Correctional Center on March 18, 2016.

Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff has filed an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 1915, a court must screen each case in which a prisoner seeks to proceed *in forma pauperis*. The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915. A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340   (1992), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

In the course of screening a prisoner's case, the court should also verify that it has judicial authority under Article III, Section 2 of the United States Constitution to

consider the asserted claims. As a prerequisite to the exercise of judicial authority, the complaint before the court must present an actual case or justiciable controversy. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 694 (4th Cir. 1983). "The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence. *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse,* 569 F.3d 182, 186 (4th Cir. 2009). "The reasons for finding mootness in such a context are clear. Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim." *Incumaa v. Ozmint,* 507 F.3d 281, 287 (4th Cir. 2007). "Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted." *Incumaa,* 507 F.3d at 287.

Nevertheless, a plaintiff's claim should not be dismissed as moot if there is sufficient evidence to conclude that the action is "capable of repetition, yet evading review." *Southern Pac. Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911). Under this exception, a claim that would otherwise be moot may be subject to judicial review if the facts of the case lead to a reasonable expectation that the "same complaining party would be subjected to the same action again." *Lane v. Williams,* 455 U.S. 624, 634, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982) (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)); *Federal Election Commission v. Wis. Right to Life*, 551 U.S. 449, 127 S.Ct. 2652, 168 L.Ed.2d 329 (2007) ("capable of repetition" exception requires demonstrated probability that the same controversy will recur involving the same plaintiff). The plaintiff must make a reasonable showing "that he will again be subject to the alleged illegality." Mere conjecture that the plaintiff may return to a prison facility and again face the alleged wrong is not sufficient to meet the mootness exception. *Higgason v. Farley,* 83 F.3d 807, 811 (7th Cir. 1996).

In this case, Plaintiff's transfer from the Western Regional Jail to St. Mary's Correctional Center, which is a facility operated by the Division of Corrections rather than the Regional Jail and Correctional Facility Authority, renders Plaintiff's complaint moot. Plaintiff is no longer in the custody of the Jail, and given that he is a Division of Corrections' inmate, there is nothing to suggest that Plaintiff will ever again be in the Jail's custody and subject to the same alleged mistreatment by Defendants. For that reason, the undersigned respectfully **PROPOSES** that the United States District Judge **FIND** that (1) Plaintiff's transfer to St. Mary's Correctional Center renders his request for injunctive relief moot and (2) the current

4

circumstances do not support the conclusion that Plaintiff's claim for relief falls within the "capable of repetition, but evading review" exception to the doctrine of mootness.

## III.   <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the proposed findings and **RECOMMENDS** that Plaintiff's Complaint (ECF No. 2) be **DISMISSED, with prejudice.**

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:**  May 16, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge